IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carl Pegnatori, an individual and Monsta Athletics, LLC a California Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>Pure Sports Technologies, LLC, a South Carolina Limited Liability Company,<br><br>Defendant. | Case No.: 2:23-cv-1424-DCN<br><br><br>COMPLAINT<br>Patent Infringement<br>(Jury Trial Demanded) |

Carl Pegnatori ("Pegnatori") and Monsta Athletics LLC ("Monsta") (together herein "Plaintiffs"), by and through their counsel of record, file this original Complaint against Pure Sports Technologies, LLC ("Pure Sports") as follows:

## PARTIES

1. Pegnatori is an individual and president of Monsta, a California LLC. Pegnatori and Monsta have a business address at 1090 5th Street, Suite 115, Calimesa, California 92223.

2. On information and belief, Pure Sports is a South Carolina LLC having a primary and current place of business located at 1629 Folly Rd Charleston, SC 29412.

## JURISDICTION AND VENUE

3. This is an action for Patent Infringement under 35 U.S.C. §271 of the Patent Act. The Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a) and (b).

4. This Court has personal jurisdiction over Defendant Pure Sports as Defendant is conducting business in this State and it has committed patent infringement in this Judicial District.

5. Venue is proper in this Judicial District as Defendant has committed acts of infringement in this Judicial District, and Defendant maintains a regular and physical place of

business in this Judicial District.

## BACKGROUND

6. Pegnatori is an innovator in the field of composite bats used in competitive softball games and leagues.

7. Pegnatori is the inventor of the floating core bat technology described and covered by U.S. Patent No. 9,005,056, titled: "Baseball Bat", a true and correct copy of which is attached as Exhibit A. The Patent is both valid and enforceable.

8. Pegnatori is the President and primary partner of Monsta. Monsta manufactures a number of bats incorporating the floating core bat technology of the 9,005,056 Patent.

9. The 9,005,056 Patent identifies Pegnatori as the sole applicant and inventor. As Pegnatori was at the time of the invention and patenting of the 9,005,056 Patent the president and primary partner of Monsta, Monsta has the exclusive right to use the 9,005,056 Patent, and Monsta has additional rights to the 9,005,056 Patent.

10. Monsta marks the bats incorporating the 9,005,056 Patent with the 9,005,056 Patent number in compliance with 35 U.S.C. §287.

11. Pegnatori and Monsta have not authorized any other entity, including Pure Sports, to use the technology of the 9,005,056 Patent.

12. Monsta's bats incorporating the 9,005,056 Patent are described by Monsta as having a "floating inner barrel" or "FIB".

13. Monsta's bats incorporating the 9,005,056 Patent include the Monsta "TORCH" bat.

14. The Monsta TORCH bat has a triple wall outer barrel and a short, inner barrel spaced from the inside diameter of the outer barrel.

15. The Monsta TORCH bat's triple wall outer barrel has a thickness of about 0.0190 inches plus or minus 0.0005 inches for manufacturing tolerances.

16. The Monsta TORCH bat's inner barrel has a thickness of about 0.095 inches and a length of about 2 inches.

17. Pure Sports sells various sporting goods products including ball bats under its "HELLFIRE", "SIDEWINDER" and "SKYBOLT" brands, all of which include what Pure Sports describes as a "Power Amplification Device" or "PAD".

18. The Pure Sports HELLFIRE bat has a triple wall outer barrel and a short inner barrel spaced from the inside diameter of the outer barrel.

19. The Pure Sports HELLFIRE bat's triple wall outer barrel has a thickness of about 0.0190 inches plus or minus 0.0005 inches for manufacturing tolerances.

20. The Pure Sports HELLFIRE bat's inner barrel has a thickness of about 0.095 inches and a length of about 2 inches.

21. According to Pure Sport's website: "Each of these bats features an internal PAD (Power Amplification Device) which will greatly increase the amount of force applied to the ball. The PAD is made with the same technology as the original integrity barrel. When the bat hits the ball the barrel will compress and allow the PAD to amplify the force of the swing. This causes a faster rebound, allowing for hits to go much further than a traditional bat. The PAD also helps to keep your performance at it's peak longer."

22. Pure Sports took a license to use the 9,005,056 Patent in 2019, and as a result Pure Sports has had knowledge of the 9,005,056 Patent since 2019.

23. The license to Pure Sports was for three years. It was not renewed, is not currently valid or in force, and presently Pure Sports has no rights in or to the 9,005,056 Patent.

**FIRST CAUSE OF ACTION**

**Infringement of U.S. Patent no. 9,005,056**

24. This claim is against Pure Sports for patent infringement pursuant to 35 U.S.C. §271. Plaintiffs incorporates the allegations set forth in paragraphs 1-23 above as if fully set forth herein.

25. On April 14, 2015 U.S. Patent No. 9,005,056 entitled "Baseball Bat" was duly and legally issued by the United States Patent & Trademark Office. A copy of the 9,005,056

Patent is attached as Exhibit A.

26. Plaintiff Pegnatori is the inventor and owner of the 9,005,056 Patent and Plaintiff Monsta has exclusive rights under the 9,005,056 Patent.

27. On information and belief, Plaintiffs contend that discovery will show that Pure Sports has and is infringing the 9,005,056 Patent in violation of 35 U.S.C. §271 by making, using offering for sale and/or selling the HELLFIRE, SIDEWINDER and SKYBOLT bats that infringe the 9,005,056 Patent, either literally or under the doctrine of equivalents.

28. On information and belief, Plaintiffs contend that discovery will show that the HELLFIRE, SIDEWINDER and SKYBOLT bats being offered for sale and sold in the United States infringe at least claim 1 of the 9,005,056 Patent.

29. Claim 1 of the 9,005,056 Patent is directed to a bat comprising, as its first limitation: "a tubular frame having a circular cross-section, the tubular frame including a large diameter hitting portion, an intermediate tapering portion, and a small diameter handle portion."

30. The HELLFIRE, SIDEWINDER and SKYBOLT bats include a tubular frame having a large diameter hitting portion, an intermediate tapering portion, and a handle that is formed as a separate small diameter handle portion, as depicted by example in the following photo of the HELLFIRE bat.



31. The hitting portion of the tubular frame of the HELLFIRE bat has the same triple wall structure and same total wall thickness as Monsta's TORCH bat.

32. The second limitation of Claim 1 of the 9,005,056 Patent requires: "a tubular insert positioned within the large diameter hitting portion, the insert having a circular cross-section, the insert having first and second ends, the insert being separated from the tubular frame by a void gap along the entire length of the insert, the gap being largely of constant width, the

4

gap having such width so that the insert and the tubular frame will elastically deform in conjunction with each other when a baseball is struck".

33. The HELLFIRE, SIDEWINDER and SKYBOLT bats include an inner tubular insert cylinder of having a circular cross section and generally constant diameter. The inner tubular insert appears to be a fiber reinforced resign material and it has a generally constant outer diameter that is slightly less than the inner diameter of the bat barrel, leaving a void gap along the entire length of the inner tubular insert.

34. The inner tubular insert of the HELLFIRE bat has the same thickness and length as the inner barrel of the Monsta TORCH bat.

35. The third limitation of Claim 1 of the 9,005,056 Patent requires: "a foam fitted within the insert, the foam protruding beyond the first and second ends of the insert and expanding beyond first and second ends of the insert such that the diameter of the expanded foam is greater than an outer diameter of the insert, allowing the insert to be suspended within the tubular frame, to move independently of the tubular frame, and to elastically deform in conjunction with the tubular frame when a baseball is struck to improve the rebound effect."

36. The HELLFIRE, SIDEWINDER and SKYBOLT bats include a spacer within and extending from the insert inner cylinder. The spacer has a diameter fitting within the inner cylinder and expanding to an outer diameter slightly greater than the outer diameter of the inner cylinder.

37. The HELLFIRE, SIDEWINDER and SKYBOLT bats include the inner tubular insert cylinder and spacer as depicted by example in the following photo showing the black tubular insert and orange spacer of the HELLFIRE bat:



38. The spacer appears to be made of plastic-like material and it may include air gaps or bubbles between layers thereby having the structure of foam.

39. To the extent that the spacer is not a foam material, it performs the same function as the foam limitation of claim 1 in that it spaces the inner cylinder from the inside diameter of the bat barrel, allowing the insert to be suspended within the tubular frame, to move independently of the tubular frame, thereby allowing the inner cylinder to compress and rebound separate from the bat barrel.

40. The spacer functions in the same way as the foam of claim 1, protruding from opposite ends of the inner cylinder to engage the inside diameter of the bat barrel and position the inner cylinder within the bat barrel and elastically deform in conjunction with the bat barrel when a baseball is struck.

41. The spacer accomplishes the same result as the foam element of claim 1 as the inner barrel is allowed to move so as to amplify the rebound effect given to the ball upon impact with the bat.

42. As advertised by Pure Sports: "When the bat hits the ball the barrel will compress and allow the PAD to amplify the force of the swing. This causes a faster rebound, allowing for hits to go much further than a traditional bat."

43. The fourth limitation of Claim 1 of the 9,005,056 Patent requires: "a knob covering an exposed end of the handle portion".

44. The HELLFIRE, SIDEWINDER and SKYBOLT bats include a knob covering the end of the handle.

45. The final limitation of Claim 1 of the 9,005,056 Patent requires: "a cap covering an exposed end of the hitting portion."

The HELLFIRE, SIDEWINDER and SKYBOLT bats include a cap covering the end of the hitting portion.

47. The infringement of the 9,005,056 Patent by Pure Sports has and is being carried

out in willful disregard of Plaintiffs' rights in the 9,005,056 Patent, as Pure Sports has been aware of the 9,005,056 Patent since it took a license in 2019, and the triple wall structure and thickness of the outer barrel are effectively identical to the Monsta TORCH bat, and the thickness and length of the inner barrel are effectively identical to the Monsta TORCH bat.

48. The infringing activity has caused damages to Plaintiffs, including loss of profits from sales Monsta could or would have made in the market for floating core bats, but for the infringement by Pure Sports.

49. Unless enjoined, Plaintiff's believe that Pure Sports' infringement will continue and cause irreparable injury to Plaintiffs for which there is no adequate remedy at law. Plaintiffs thus contend that a preliminary and permanent injunction as against Pure Sports is necessary.

## **PRAYER FOR RELIEF**

WHEREFORE, Pegnatori and Monsta pray for the following relief:

Against Defendant Pure Sports:

i) That judgment be entered in favor of Monsta and Pegnatori and against Pure Sports on the claim in this Complaint;

ii) That Pure Sports be adjudged and declared to have infringed the 9,005,056 patent-in-suit;

iii) That Pure Sports, its assigns, and all those in privity therewith be preliminarily and permanently enjoined from infringing the patent-in-suit;

iv) The Pegnatori and Monsta be awarded damages for patent infringement in an amount to be determined at trial;

v) That the infringement be determined to be willful and that this case be found to be exceptional and that Pegnatori be awarded attorneys' fees and costs (including expert fees) under 35 U.S.C. § 285;

vi) Such other and further relief in favor of Pegnatori and Monsta as the Court may deem just and proper.

Charleston, South Carolina
Date:  April 7, 2023

Respectfully submitted,

SAXTON & STUMP

   *s/Margaret Seymour*
Margaret Seymour, Fed. Bar No.: 1522
151 Meeting Street, Suite 400
Charleston, SC  29401
Tel: (843) 724-7753
Email: mseymour@saxtonstump.com

LAW OFFICE OF DAVID B. ABEL
David B. Abel, Fed. Bar No.: 156744
111 N. Sepulveda, Suite 250
Manhattan Beach, CA  90266
Tel: (310) 595-3000
Email: davidabel@abelpatentlaw.com

FOUNDATION LAW GROUP, LLP
Sevag Demirjian, Fed. Bar No.: 243656
4605 Lankershim Blvd., Suite 650
North Hollywood, CA  91602
Tel: (310) 870-3977
Email: sevag@foundationlawgroup.com

*\*Pro Hac Vice Motions to be Submitted*
*ATTORNEYS FOR PLAINTIFFS*
*CARL PEGANTORI AND MONSTA*
*ATHLETICS, LLC*