IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carl Pegnatori, an individual and Monsta Athletics, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>Pure Sports Technologies, LLC, a South Carolina Limited Liability Company,<br><br>Defendant. | Case No. 2:23-cv-1424-DCN<br><br>**DECLARATION OF CHRIS OSBORNE IN SUPPORT OF DEFENDANT PURE SPORTS TECHOLOGY, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

I, Chris Osborne, hereby declare as follows:

1. I am the Managing Director, Founder, and Owner of Pure Sports Technologies, LLC ("PURE"). I make this Declaration on my own knowledge, information, and belief.

2. I have worked with design and manufacture of carbon fiber and composite products since 2001. First, as CEO of Illstreet Composites and, beginning in 2014, as Founder of LeapTech, LLC. I graduated from Clemson University in 2009 with a Bachelors Degree in Entrepreneurship. In 2016, I launched Pure Sports Technologies, LLC, and have since led the design and development of PURE's line of composite bats with a non-linear response, including the accused products (i.e., "HELLFIRE", "SIDEWINDER" and "SKYBOLT"). I have also been contracted to work in various industries with respect to design of manufacture of composite products, including oil and gas, aerospace, solar energy.

3. PURE's Power Amplification Device ("PAD") includes a high modulus woven carbon fiber ring and a thermoplastic polyurethane sleeve that passes through the carbon fiber ring. The positioning sleeve is secured to the carbon fiber ring with an adhesive.

4. The following photo is representative of the high modulus woven carbon fiber ring used in PURE's PAD.



5. The following photo is representative of the polyurethane sleeve used in PURE's PAD.



6. The following photo is representative of PURE's assembled PAD, with magnified inset showing a frayed edge of the positioning sleeve and its construction.



7. A cross section of PURE's SIDEWINDER® barrel segment comprising the PAD is shown below. The cross section and barrel segment is identical to PURE's HELLFIRE® and SKYBOLT® products. As shown, the SIDEWINDER® has a triple shell bat frame construction, and the PAD is secured within the inner shell of the bat frame using a polymeric adhesive between the positioning sleeve (orange) and the bat frame



8. A magnified photo of PURE's PAD secured to an inner shell of PURE's SIDEWINDER® is shown below, with magnified inset to show the arrangement of the carbon fiber ring, the positioning sleeve, and the bat frame. As shown, the carbon fiber ring is held in

adjacent contact with the bat frame (i.e., without a gap in between the bat frame and the carbon fiber ring).



9. I have examined the disclosure of the '056 patent (particularly Fig. 1, and at col. 4, lines 45-63), as well as a sample of Monsta's floating inner barrel ("FIB"). A photo of the Monsta's FIB is shown below.



10. From review of the '056 patent, I understand that a foam within the inner barrel, as embodied Plaintiffs' FIB shown above, is an essential component of Mr. Pegnatori's FIB technology, and the claims of the '056 patent.

11.     PURE's PAD does not contain a foam.  More specifically, the polyurethane sleeve of the PAD is not a foam, does not contain a foam, does not contain a cellular matrix comprising voids, and does not contain any air gaps whatsoever within its construction. To the contrary, the polyurethane sleeve of PURE's PAD is constructed by joining concentric fibers in an adjacent arrangement without gaps, as shown in the photos above.

12.     PURE's polyurethane sleeve also does not exhibit any functional characteristics of a foam. For instance, the polyurethane sleeve is not significantly compressible, and therefore also cannot exert an outward expansion force upon compression (e.g., PURE's positioning sleeve cannot expand against the bat frame to secure its position, as does Plaintiffs' FIB).

13.     Further still, omitting foam from the construction of PURE's PAD allows it to outperform Plaintiffs' FIB with respect to the sound produced on contact. Plaintiffs' FIB comprises foam within the insert.  As the sound passes through the cellular matrix of the foam, the sound is dampened.  In contrast, PURE's positioning sleeve and PAD is hollow, allowing sound to travel throughout the bat unrestricted.  Accordingly, PURE's PAD does not induce a dampening effect on the sound produced by contact. This makes the bat sound louder, and advantageously gives the impression that the player has hit the ball harder while also providing superior feedback to the player.

14.     From review of the '056 patent, I also understand that the presence of a void gap between the bat frame and the inner barrel is a further essential component of Plaintiffs' technology and the claims of the '056 patent.

15. PURE's accused bats comprising a PAD do not contain a gap between the carbon fiber ring and the bat frame. As shown above, any space that may be present between the carbon fiber ring and the shell of the bat due to marginal differences in dimensions is exceedingly small. Therefore, PURE's PAD does not allow the carbon fiber ring to "float" without contacting the barrel, as required by the '056 patent. PURE's PAD does not comprise a gap between the carbon fiber ring and the bat frame, as disclosed and claimed within the '056 patent, and as embodied by Plaintiffs' FIB.

16. Overall, PURE's PAD is superior to Plaintiffs' FIB as a direct result of the structural differences between the PAD and the FIB discussed above. PURE's PAD is lighter, more secure, and produces a preferable sound on contact. As a result of these advantages, PURE has increased its market share relative to Plaintffs.

17. In addition, prior to this lawsuit, Mr. Pegnatori acknowledged the differences discussed herein in the composition of the positioning sleeve and position of the ring in contact with the bat frame (i.e., absence of a "void gap" as claimed in the '056 patent).

18. Following a text message exchange with Mr. Pegnatori regarding PURE's Power Amplification Device and the '056 patent, I participated in a video conference with Mr. Pegnatori on December 7, 2022. During the video conference, Mr. Pegnatori agreed that PURE's Power Amplification Device ("PAD") was not the same as his FIB technology, even stating that "I'm not worried about it infringing my patent. I'm concerned about you making a

bat that's compliant." Mr. Pegnatori further acknowledged that our product does not utilize foam and that there is no gap between the PAD and the adjoining wall of the bat.

19.    Thereafter, Mr. Pegnatori contacted me through Facebook on January 31, 2023, to express his belief that PURE's products may be the subject of litigation for infringement of U.S. Pat. No. 9,067,109, on which Mr. Pegnatori had previously been sued by Wilson Sporting Goods Co.  However, Mr. Pegnatori expressed the believe that PURE's products do not infringe Wilson's '109 patent, stating the '109 patent was directed to a "shell construction in combination with the gap. It's not your method."

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 28, 2023

*Christopher Osborne*

Chris Osborne